UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| NATHAN REARDON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:25-cv-00256-SDN |
| | ) | |
| TEGNA EAST COAST BROADCASTING, LLC, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff alleges that Defendant defamed him and portrayed him in a false light through a publication on April 15, 2021. (Complaint, ECF No. 1.) Plaintiff also filed a motion to proceed without prepayment of fees, which motion the Court granted. (Motion, ECF No. 3; Order, ECF No. 4.)

In accordance with the statute governing actions filed without the prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Following a review of Plaintiff's complaint, I recommend the Court dismiss the matter.

### DISCUSSION

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding without prepayment of fees, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a

claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B).  "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints."  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

"A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'"  *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim."  *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

Plaintiff alleges that Defendant, which evidently owns and operates a television station, published the following defamatory headline: "Man from Skowhegan abuses PPP program for personal gain." (Complaint at 1.)  Plaintiff alleges the statement is false because the "federal charge involved $59,145—not the falsely stated $100,000+." (*Id.*)  The amount involved in the charge, however, does not support Plaintiff's contention that the headline was false.  Plaintiff, therefore, has not alleged an actionable claim.  *See Garey v. Stanford Management, LLC*, 2024 ME 46, ¶ 8, 319 A.3d 1022.  (The publication of "a false and defamatory statement concerning another" is one of the elements necessary to establish a defamation claim.)

Furthermore, Plaintiff's claim is barred by the doctrine of res judicata.  "The rules for res judicata, where a federal court is considering the effect of its own prior disposition

of a federal claim on a newly brought federal claim, are a matter of federal law." *AVX Corp. v. Cabot Corp.*, 424 F.3d 28, 30 (1st Cir. 2005). "[T]he elements of a [claim preclusion] defense are (1) a final judgment on the merits in an earlier proceeding, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two actions." *In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 16 (1st Cir. 2003).[1]

In a case captioned *Reardon v. Tegna East Coast Broadcasting, LLC*, No. 1:21-cv-00356-JDL (the prior action), Plaintiff alleged the same claims that he asserts in this case, citing the same allegedly defamatory statement, against the same defendant. On Defendant's motion to dismiss the prior action, concluding that Plaintiff had not alleged an actionable claim, the Court dismissed the prior action. (Order on Motion to Dismiss, No. 1:21-cv-00356-JDL, ECF No. 21.)[2]  The doctrine of res judicata bars Plaintiff from proceeding on the claim again in this action.

Finally, in Maine, "[a]ctions for slander and libel must be commenced within 2 years after the action accrues." 14 M.R.S. § 753. Plaintiff alleges the headline was broadcast on April 15, 2021. Plaintiff filed this action on May 20, 2025. Plaintiff's defamation claim is time-barred.

---

[1] Although res judicata is a defense, a court can consider the issue in a review under 28 U.S.C. § 1915. *See Augustus v. AHRC Nassau*, No. 13-CV-06227 (PKC), 2013 WL 6173782, at *2 (E.D. N.Y. Nov. 20, 2013) (citing *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205-206 (2nd Cir. 2002) ("[W]here the claim clearly is barred on the basis of *res judicata*, district courts may dismiss a case as frivolous or for failing to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e).")).

[2] A dismissal for failure to state a claim is a judgment on the merits. *Koolen v. Mortgage Electronic Registration Systems, Inc.*, 953 F. Supp. 2d 348, 352 (D. R. I. 2013).

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915, I recommend the Court dismiss the matter.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 30th day of May, 2025.