## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| NATHAN REARDON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:25-cv-00256-SDN |
| | ) | |
| TEGNA EAST COAST | ) | |
| BROADCASTING, LLC, | ) | |
| | ) | |
| Defendant | ) | |

### ORDER ON PLAINTIFF'S MOTION TO RECUSE

Plaintiff seeks my recusal in this matter. (Motion, ECF No. 8.)  Plaintiff contends recusal is required, citing civil and judicial misconduct complaints that he has asserted against me based on rulings I made in other matters involving Plaintiff.  I discern no basis for recusal and deny the motion.

### DISCUSSION

By law, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  Under 28 U.S.C. §§ 144 and 455, which govern recusal on a motion by a party, "there are two possible grounds for a judge's disqualification: (1) the judge's impartiality may reasonably be questioned; or (2) the judge may have a personal bias or prejudice concerning a party."  *United States v. Kelly*, 712 F.2d 884, 889 (1st Cir. 1983) (citations omitted).  "The proper test … is whether the charge of lack of impartiality is grounded on facts that would create a reasonable doubt concerning the judge's impartiality, not in the mind of the judge [] or even necessarily in the mind of

the litigant filing the motion …, but rather in the mind of the reasonable [person]." *Panzardi-Alvarez v. United States*, 879 F.2d 975, 983 (1st Cir. 1989) (quoting *United States v. Cowden*, 554 F.2d 257, 265 (1st Cir. 1976)).

Plaintiff contends recusal is required because he filed a civil complaint and a judicial misconduct complaint against me. The mere fact that a party files a complaint against a judge is not grounds for recusal. Otherwise, a party could effectively remove a judge from a case simply by filing a complaint. Indeed, the First Circuit has recognized that recusal is not required when a party sues a judge:

> In order to guard against "judge-shopping," "courts have refused to disqualify themselves under Section 455(b)(5)(i) unless there is a legitimate basis for suing the judge." *Andersen v. Roszkowski*, 681 F. Supp. 1284, 1289 (N.D. Ill. 1988), *aff'd*, 894 F.2d 1338 (7th Cir. 1990) (table); *see also, e.g., United States v. Pryor*, 960 F.2d 1, 3 (1st Cir. 1992) (suit against judge separate from case at bar; "It cannot be that an automatic recusal can be obtained by the simple act of suing the judge."); *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) ("A judge is not disqualified by a litigant's suit or threatened suit against him"); *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977) (same), *cert. denied,* 435 U.S. 954 (1978).

*Tamburro v. City of East Providence,* Nos. 92-1321, 92-1322, 92-1323, 92-1324, 1992 WL 380019, *1, 1992 U.S. App. LEXIS 32825, *3-*4 (1st Cir. Dec. 18, 1992) (unpublished); *see also United States v. Cain*, No. 1:16-cv-00103-JAW, 2020 WL 68302, at *13 (D. Me. Jan. 7, 2020) (rejecting the contention that the filing of a judicial misconduct complaint against a judge requires the recusal of the judge). In this case, the complaints that Plaintiff asserts he has filed against me based on rulings I have made in other matters involving him do not warrant my recusal.

Relatedly, Plaintiff also contends recusal is necessary due to bias that he apparently believes is evident in rulings I have made in his other matters. "[T]he mere fact of an adverse ruling" is insufficient to establish bias. *See U.S. v. Giorgi*, 840 F.2d 1022, 1035 (1st Cir. 1988) (citing *United States v. Kelly*, 712 F.2d 884, 890 (1st Cir. 1983) (citations omitted)). This principle is consistent with the First Circuit's observation that "there is a need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking." *F.D.I.C. v. Sweeney*, 136 F.R.D. 216, 220 (1st Cir. 1998) (citations and internal quotation marks omitted). In evaluating a motion for recusal, a "judge has a duty not to recuse himself or herself if there is no objective basis for recusal." *In re United States*, 441 F.3d 44, 67 (1st Cir. 2006). Here, the record lacks any evidence of bias and thus lacks any objective basis for recusal.

## CONCLUSION

Based on the foregoing analysis, I deny the Plaintiff's motion to recuse.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 24th day of July, 2025.