UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| NATHAN REARDON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  1:25-cv-00256-SDN |
| | ) |
| TEGNA EAST COAST | ) |
| BROADCASTING LLC, | ) |
| | ) |
| Defendant. | |

**ORDER**

Nathan Reardon sued Tegna East Coast Broadcasting for defamation. In his complaint, Mr. Reardon alleges Tegna issued a headline on Channel 2 News stating, "Man from Skowhegan abuses PPP program for personal gain," apparently referring to Mr. Reardon. He claims this headline, along with other information in the broadcast, was defamatory.

On May 30, 2025, Magistrate Judge Nivison recommended dismissing Mr. Reardon's complaint after preliminary review. ECF No. 6. Mr. Reardon timely objected on June 9, 2025. ECF No. 7. On the same day, Mr. Reardon moved for Judge Nivison's recusal. ECF No. 8. Judge Nivison denied the motion for recusal, ECF No. 9, and Mr. Reardon objected, ECF No. 10.

**DISCUSSION**

**I.   Recusal**

Mr. Reardon argues Judge Nivison should recuse himself under 28 U.S.C. § 455 for three reasons: First, Mr. Reardon has filed multiple formal judicial misconduct complaints against Judge Nivison. Second, Judge Nivison has made multiple rulings

adverse to Mr. Reardon in previous cases, as well as this one. Third, Mr. Reardon purports to have named Judge Nivison as a defendant in a pending lawsuit.

Under 28 U.S.C. § 455, a Magistrate Judge must disqualify themselves when their "impartiality might reasonably be questioned," 28 U.S.C. § 455(a), or when there is an actual conflict of interest as defined by § 455(b). The test under § 455(a) is an objective one, asking whether or not there are "facts that would create a reasonable doubt concerning the judge's impartiality, not in the mind of the judge . . . or even necessarily in the mind of the litigant filing the motion . . . , but rather in the mind of the reasonable [person]." *United States v. Kelley*, 712 F.2d 884, 890 (1st Cir. 1983) (quoting *United States v. Cowden*, 545 F.2d 257, 265 (1st Cir.1976)). The mere fact of a judge's prior adverse ruling would not cause a reasonable person to doubt the judge's impartiality. *Id.*; *accord United States v. Giorgi*, 840 F.2d 1022, 1035 (1st Cir. 1988). Nor can a litigant fabricate an actual conflict by simply suing or bringing a complaint against the judge. *United States v. Pryor*, 960 F.2d 1, 3 (1st Cir. 1992).

Here, Judge Nivison declined to recuse himself, and I agree that his recusal is not warranted. Mr. Reardon's grievances all stem from Judge Nivison's prior adverse rulings, including a bail determination in Mr. Reardon's criminal case. The record in Mr. Reardon's prior cases—as well as this one—reflect no bias on Judge Nivison's part. Nor could a reasonable person doubt his impartiality based on those proceedings. *Kelley*, 712 F.2d at 890. That Mr. Readon filed misconduct complaints and a civil case against Judge Nivison is of no consequence, particularly when the basis for those complaints was the Magistrate Judge's adverse rulings. *Pryor*, 960 F.2d at 3. Accordingly, Mr. Reardon's objection to the recusal order is overruled.

## II.   Recommended Decision

The Magistrate Judge recommended dismissing Mr. Reardon's complaint because he does not allege any facts from which the Court could infer that the purportedly defamatory headline was false. Accordingly, the Magistrate Judge concluded that Mr. Reardon failed to state an actionable claim for defamation. As additional bases for dismissal, the Magistrate Judge explained that res judicata bars Mr. Reardon's claims and that Mr. Reardon brought his claims outside the statute of limitations.

In his objection, Mr. Reardon addresses only these latter two bases for dismissal; however, he does not address the Magistrate Judge's conclusion that Mr. Reardon's complaint fails to state a claim for defamation. In any event, I have reviewed and considered the Magistrate Judge's entire Recommended Decision in light of the record. I concur with the Magistrate Judge's conclusions as set forth in his Recommended Decision and determine that no further proceeding is necessary. Mr. Reardon's objection to the Recommended Decision is overruled.

## CONCLUSION

Therefore, **OVERRULES** the objection to the recusal order, ECF No. 10, and the objection to the recommended decision, ECF No. 7. The Court **AFFIRMS** and **ADOPTS** the Recommended Decision. ECF No. 6. Plaintiff's complaint is **DISMISSED.**

**SO ORDERED.**

Dated this 12th day of August, 2025.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**
